IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>TINA GAYLE BULLOCK,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br>Case No. 2:14-CR-125 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction.  For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

Defendant is currently serving a 24-month sentence for violating the terms of her supervised release.  Defendant seeks release, arguing that she suffers from medical conditions that pose a greater risk of severe complications or death if she were to contract COVID-19 while in custody.  Defendant also seeks release to care for her mother.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1]  18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

The first question presented is whether Defendant has exhausted her administrative rights.  Defendant presents two reasons for her request for sentence reduction: (1) concerns about her health due to COVID-19 and her underlying medical conditions; and (2) the need to provide care for her mother.  Defendant's request to the Bureau of Prisons only included her health-related reason as a basis for compassionate release.[2]  Therefore, Defendant has failed to fully exhaust her administrative rights as it relates to the need to care for her mother as a reason for release.[3]  Therefore, the Court will deny Defendant's Motion on this ground without prejudice to allow her the opportunity to exhaust her administrative rights in the first instance.

Defendant has, however, exhausted her administrative remedies as to her request for release based on her health considerations.  Where a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1)

---

[2] Docket No. 242-1, at 1 ("I want to be considered for a compassionate release due to by health problems. . . . I'm afraid of getting COVID and worry that my health problems will lead to complications if I do.").

[3] *See United States v. Williams*, 987 F.3d 700, 702–03 (7th Cir. 2021) (finding that a defendant failed to exhaust his administrative remedies where he sought release by the court on a different ground than was presented to the Bureau of Prisons) ;*see also United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (upholding denial of motion for sentence reduction for failure to exhaust where the defendant's "request to the warden did not include COVID-19 as a reason for compassionate release").

"extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[4] The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[5]

Defendant contends she suffers from several health conditions that put her at a higher risk of severe complications or death from COVID-19. However, Defendant has received two doses of the Pfizer vaccine.[6] A number of courts have held that a fully vaccinated individual, such as Ms. Bullock, cannot show an "'extraordinary and compelling' reason within the meaning of Section 3582(c)(1)(A) when the motion is based on COVID-19 concerns."[7] The Court agrees and concludes that Defendant has not shown "extraordinary and compelling" reasons for a sentence reduction.

---

[4] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[5] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

[6] Docket No. 242-1, at 76.

[7] *United States v. Burgoon*, No. 07-20072-05-JWL, 2021 WL 1736873, at *2 (D. Kan. May 3, 2021) (collecting cases); *cf. United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting there is "certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" where appellants "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19").

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 235) is

DENIED.

DATED this 1st day of November, 2021.

BY THE COURT:

Ted Stewart
United States District Judge